## SPENCER v. KNOWLAND.

On an application for executory process on a foreign judgment, which is silent as to interest, plaintiff cannot, by producing an authenticated copy of a statute of the State in which the judgment was rendered authorizing execution to issue on such a judgment for the principal with interest at a certain rate, obtain an order of seizure and sale for more than the principal sum. The court cannot look beyond the foreign record itself. *Per Curiam;* A proceeding by which the property of a party is summarily seized and sold, without citation, is one of great severity, and cannot be extended beyond the cases for which it was expressly and clearly provided.

APPEAL from the District Court of Madison, *Curry,* J. The defendant appealed from an order of seizure and sale granted, on the transcript of the proceedings in a suit in which judgment was rendered in Mississippi. The original judgment was silent as to interest; but the plaintiff offered in evidence an authenticated copy of a statute of Mississippi, authorizing execution to issue on such a judgment, for interest at eight per cent a year. The court below authorized an order of seizure and sale to be issued in favor of the plaintiff for the principal sum, with interest at eight per cent a year from the date of the judgment, till payment. The defendant appealed from a judgment overruling a motion to set aside the order of seizure and sale.

*Dunbar, Hyams,* and *Elgee,* for the plaintiff.

*Shannon,* for the appellant. The *judgment* in Mississippi does not show that plaintiff was entitled to any interest. Nothing is said of interest in it; and the judge had no authority to take any proof whatever in relation to interest, or to take cognisance of any matter *dehors* the *judgment* rendered in Mississippi. He could only direct the judgment of a foreign court to be executed as he finds it in the record presented to him; if the judgment gives interest, *he* can do so; if not, he *cannot.* Code of Pract. art. 746.

The judgment of the court was pronounced by

SLIDELL, J. This is a proceeding by executory process upon a judgment obtained in the State of Mississippi. The judgment itself made no mention of interest, and under our law would be considered as not bearing interest. The plaintiff averred in his petition for executory process, that, by the law of Mississippi, such a judgment bore interest at the rate of eight per cent per annum from its rendition, and he annexed to his application for the order of seizure and sale, a copy of a statute of Mississippi passed at a time several years anterior to the date of the judgment.

The proceeding by executory process, by which the property of the defendant is, without citation, summarily seized and sold, is one of great severity, and should not be extended beyond the cases for which it is expressly and clearly provided. The Code of Practice gives a creditor who has obtained a judgment in another State of the Union, the right, which we believe is granted by the legislature of no other State, of obtaining instant execution in our courts, without the citation of the debtor, upon presentation of a duly authenticated copy of the foreign record. But the record alone is spoken of in the Code as the basis of the proceedings. The legal import of the record, under our law, was, as we have said, that the judgment bore no interest. Of a foreign statute, the judge could not take judicial notice. But he was called upon, *ex parte,* to receive evi-

dence of the foreign law in the form of an authenticated statute of Mississippi, and give judgment of seizure and sale for the amount of the judgment and interest from its date, at the foreign rate. This, in our opinion, he could not do. Under the provisions of the Code, he had no authority to look beyond the authenticated foreign record to ascertain its legal effect. If the plaintiff was not satisfied with a decree of execution for the principal sum stated in the judgment, the court was open to him for a proceeding in the ordinary mode by citation. We may also add that, it is true that the authenticated statute of Mississippi, exhibited with the foreign record, and passed many years before the date of the judgment, established a rate of eight per cent; but *non constat* by the certificate appended to that statute, that it was in force at the date of the judgment; and we are not prepared to say that, in an *ex parte* proceeding of this sort, the matter should have been left upon a legal presumption. The principle, so frequently recognized in our decisions, is one from which we are not disposed to depart, that all remedies by which, on *ex parte* orders, the property of a defendant is taken out of his hands, must be strictly construed. The motion to set aside the order of seizure and sale should have been sustained.

It is therefore decreed that the judgment of the court below be reversed, and the petition dismissed, with costs in both courts.